■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STUYVESANT INSURANCE COMPANY, Appellant, Surety For JOSEPH BURGO, Principal.— Order of the Supreme Court, Kings County, dated October 11, 1965, denying appellant's motion to vacate a judgment of bail forfeiture and for related

relief, affirmed. On September 13, 1964, appellant surety company furnished its undertaking to assure respondent of one Joseph Burgo's appearance to answer a charge of violation of section 1308 of the Penal Law. On September 21, 1964, Burgo's case was called in the New York City Criminal Court, Kings County, but he did not appear and on October 1, 1964 the judgment of bail forfeiture was entered against him and appellant. On September 8, 1965 appellant learned that Burgo was in the Queens County House of Detention and notified the Criminal Court, whereupon a warrant was lodged against Burgo. In support of appellant's motion, Burgo's affidavit stated that (1) the reason for his failure to appear was that he was "mistakenly awaiting" a notice of a date on which to appear; and (2) he later learned that the charge against his codefendant had been dismissed in November, 1964 and, hence, he assumed that the charge laid against him had also been dismissed. On this appeal, appellant concedes that, relying upon its motion papers, the Criminal Term of the Supreme Court could have decided the sufficiency of Burgo's excuse; and requests this court to reverse the order and to grant its motion. The People also request that the order be reversed, but state that the motion be restored to the calendar in order to give the parties the opportunity to contest the issue of whether the People suffered prejudice because of Burgo's failure to appear. With the record in that posture, we affirm the order. Assuming *arguendo* that the People suffered no prejudice, and accepting Burgo's explanation for his absence as truthful, appellant is not entitled to relief. Burgo was not produced for almost one year and the reasons offered for his absence do not fall among those grave exceptions which, under some circumstances, warrant remission (*People* v. *Fiannaca,* 306 N. Y. 513, 516–517). Further, assuming that, notwithstanding the prolonged delay in the production of Burgo, his ignorance of the day appointed for his appearance could avail appellant, the meagre affidavits offered by appellant in support of that ignorance do not contain the detailed allegations required to prove an excuse "too easily fabricated" (*People* v. *Peerless Ins. Co.,* 21 A D 2d 609, 616). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.